UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ORDER REQUIRING HTC, AMERICA, INC., TO ASSIST IN THE EXECUTION OF A SEARCH WARRANT ISSUED BY THIS COURT | Case No. 16-mj-1066-DLC<br><br>APPLICATION<br><br>**FILED UNDER SEAL** |

## INTRODUCTION

The United States of America, by and through Carmen M. Ortiz, United States Attorney, and Suzanne Sullivan Jacobus, Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, for an order requiring HTC, America, Inc. ("HTC") to assist in the execution of a federal search warrant by providing technical assistance to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), to unlock an electronic device, specifically, an HTC, touchscreen, Smartphone cell phone with IMEI number 352678078583116.

## FACTS

The ATF currently has in its possession a HTC smartphone device that is the subject of a search warrant issued by this Court (*see* 16-MJ-1047-DLC). Initial inspection of the HTC touchscreen smartphone device reveals that it is locked. Because the HTC touchscreen smartphone device is locked, law enforcement agents are not able to examine the data stored on the HTC touchscreen smartphone device as commanded by the search warrant. The HTC device is a touchscreen smartphone. It has IMEI: 352678078583116, S/N: FA61HB002679; and PN: 99HAEY025-00.

HTC is the manufacturer of the HTC touchscreen smartphone cell phone device, and may have the capability retrieving data stored on the HTC touchscreen device that is not

currently accessible to ATF because the HTC touchscreen smartphone device is locked. This Application seeks an order requiring HTC to use any such capability, so as to assist agents in complying with the search warrant.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice… and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977). Specifically, in *United States v. New York Tel. Co.,* the Supreme Court held that the All Writs Act permitted district courts to order a telephone company to effectuate a search warrant by installing a pen register. Under the reasoning of *New York Tel. Co.,* this Court has the authority to order Apple to use any capabilities it may have to assist in effectuating the search warrant.

The government is aware, and can represent, that in other cases, courts have ordered HTC to assist in effectuating search warrants under the authority of the All Writs Act. Additionally, HTC has complied with such orders.

The requested order would enable agents to comply with this Court's warrant commanding that the HTC touchscreen smartphone device be examined for evidence identified

by the warrant. After obtaining a federal search warrant for the HTC touchscreen smartphone device, ATF has been unable to unlock the HTC touchscreen smartphone. The HTC touchscreen smartphone is locked with a PIN code. Thereafter, ATF contacted HTC who has agreed to assist and try to unlock the device should this Court allow this Application and endorse the attached Order. Moreover, the order is not likely to place any unreasonable burden on HTC.

Respectfully submitted,

Suzanne Sullivan Jacobus
Assistant U.S. Attorney

Date: 7-22-16